IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**VIRGINIA TOURISM AUTHORITY**
**d/b/a VIRGINIA TOURISM CORPORATION**
**901 East Byrd Street**
**Richmond, Virginia 23219**

        **Plaintiff,**

v.

                                    Civil Action No. 3:11CV521

**UNITED SOUVENIR & APPAREL**
**Serve:**
**Registered Agent:**
**Sidney R. Traub**
**2700 Sisson Street**
**Baltimore, MD 21211**

        **Defendant.**

## COMPLAINT

Plaintiff Virginia Tourism Authority d/b/a Virginia Tourism Corporation ("VTC"), by

counsel, for its complaint against Defendant United Souvenir & Apparel ("United") states as

follows:

### Nature of the Action

1.  This action is for trademark infringement and unfair competition arising from the

Trademark Act of 1946, as amended, 15 U.S.C. § 1051, *et seq*. (the "Lanham Act"), and

under the common law.

### The Parties

2.  VTC is a public body corporate and a political subdivision of the Commonwealth of

Virginia created pursuant to Va. Code § 2.2-2315.  The Authority exercises public and

essential governmental functions, and the exercise by the Authority of the duties and

powers conferred shall be deemed and held to be the performance of an essential

governmental function of the Commonwealth. Va. Code § 2.2-2315. No provision of the

Virginia Tourism Authority Act, Va. Code 2.2-2315, *et seq.*, nor act of VTC shall be

deemed a waiver of sovereign immunity to which VTC is otherwise entitled. Va. Code §

2.2-2326.

3.   Upon information and belief, United is a Maryland corporation with its principal place of

business at 2700 Sisson Street, Baltimore, Maryland 21211. Upon information and belief,

United was formed in February 2005, when its predecessor the Traub Company

("Traub") merged with T-Shirt Loft.

### Jurisdiction and Venue

4.   This Court has jurisdiction over the parties and the subject matter of this action under 15

U.S.C. § 1121, 28 U.S.C. § 1338(a) and (b) and 28 U.S.C. § 1331. This action arises

under the trademark laws of the United States, 15 U.S.C. §§ 1051 to 1127. The state law

claims herein are joined with a substantial and related claim under the trademark laws of

the United States pursuant to 28 U.S.C. § 1367, and fall within the Court's supplemental

jurisdiction. Moreover, this Court has jurisdiction based on 28 U.S.C. § 1332, as this civil

action is between citizens of different states and the amount in controversy exceeds

$75,000 exclusive of interest and costs. Venue is proper in this District pursuant to 28

U.S.C. § 1391(b)(2).

5.   This court has personal jurisdiction over United because United is subject to the

jurisdiction of the state courts of Virginia pursuant to Va. Code § 8.01-328.1(A)(1),

(A)(2), and (A)(3), or in the alternative (A)(4).

## Facts

6.  Since 1969, the Commonwealth of Virginia has used the words "Virginia is For Lovers" (the "Common Law Mark") to promote travel and tourism within the Commonwealth of Virginia. Over decades, the Commonwealth of Virginia has created in its Common Law Mark an iconic image of the Commonwealth, with name recognition and goodwill within the Commonwealth of Virginia and throughout the United States. The Commonwealth of Virginia and VTC have used, through licensed exclusive distributors, the Common Law Mark on apparel and merchandise to symbolize affinity for and travel to the Commonwealth of Virginia. The license fees received by the Commonwealth and VTC from the sale of such apparel and merchandise benefit the citizens of the Commonwealth of Virginia.

7.  The Common Law Mark is inherently distinctive in the tourism industry to denote travel to and affinity for the Commonwealth of Virginia, and in the use of clothing and other merchandise to indicate the source of the goods.

8.  In 1999, the General Assembly of the Commonwealth of Virginia created the VTC for the promotion of tourism in the Commonwealth and in order to increase the prosperity of its citizens.

9.  On September 20, 2002, VTC filed an application for registration of the mark:



in the United States Patent and Trademark Office ("USPTO"). On December 23, 2003, the mark was registered by the USPTO on the Principal Register (Registration No.

3

2,797,036) under the Lanham Act covering the use of said mark in classes 25 for "clothing, namely, men's, women's and children's shirts, jackets, hats, belts, trousers, warm-up pants, sweatshirts, T-shirts, headband, neckbands, sweatbands, and wrist bands" and 35 for "promoting travel and tourism in the United States." (A copy of the registration is attached hereto and marked as Exhibit A.) Said registration is now incontestable by virtue of its long use and registration.

10. On September 20, 2002, VTC filed an application for registration of the mark:

$$\text{Virginia } \textit{is for Lovers} \; \heartsuit$$

in the USPTO. On March 16, 2004, the mark was registered by the USPTO on the Principal Register (Registration No. 2,822,390) under the Lanham Act covering the use of said mark in classes 25 for "clothing, namely, men's, women's and children's shirts, jackets, hats, belts, trousers, warm-up pants, sweatshirts, T-shirts, headband, neckbands, sweatbands, and wrist bands" and 35 for "promoting travel and tourism in the United States." (A copy of the registration is attached hereto and marked as Exhibit B.) Said registration is now incontestable by virtue of its long use and registration.

11. On September 20, 2002, VTC filed an application for registration of the mark:



in the USPTO. On April 6, 2004, the mark was registered by the USPTO on the Principal Register (Registration No. 2,829,329) under the Lanham Act covering the use of said

mark in classes 25 for "clothing, namely, men's, women's and children's shirts, jackets, hats, belts, trousers, warm-up pants, sweatshirts, T-shirts, headband, neckbands, sweatbands, and wrist bands" and 35 for "promoting travel and tourism in the United States." (A copy of the registration is attached hereto and marked as Exhibit C.)   Said registration is now incontestable by virtue of its long use and registration.

12. The aforementioned marks registered on the Principal Register as Registration Nos. 2,797,036; 2,822,390; and 2,829,329, are hereby collectively referred to as the "Registered Marks."

13. The validity of the Registered Marks and of the registration of the Registered Marks, VTC's ownership of the Registered Marks, and the VTC's exclusive right to use the Registered Marks in connection with the above-mentioned classes are incontestable under 15 U.S.C. § 1065 and 15 U.S.C. § 1115(b), as VTC has filed the required declarations with the USPTO.   The Registered Marks are being used in interstate commerce and have a substantial effect on interstate commerce.

14. The Commonwealth of Virginia and VTC have expended considerable time, money and effort in the development, preparation, promotion and offering of goods and services in connection with the Common Law and Registered Marks.  The Common Law and Registered Marks have become strong and famous trademarks and have long been associated with the Commonwealth of Virginia and VTC.

15. The Commonwealth of Virginia and VTC have implemented and carefully controlled a licensing program to license the Common Law and Registered Marks to one or more approved licensees in connection with merchandise bearing the Common Law and/or Registered Marks.  Any merchandise containing the Common Law and/or Registered

Marks manufactured and offered for sale to the purchasing public are subject to the Commonwealth's and VTC's quality controls.

16. Defendant United has used and continues to use VTC's Marks without its consent.

17. In fact, as early as June 2004, Traub, the predecessor to United, contacted VTC concerning the registration of the Registered Marks and to propose that VTC enter into a licensing agreement with Traub.

18. In or about September 2004, Traub again contacted VTC to ask for an extension of time to file an opposition to VTC's trademark applications with the USPTO.

19. In response to Traub's communications, on September 16, 2004, VTC sent a cease and desist letter to Traub. In that correspondence, VTC demanded that Traub cease all use of the Common Law and Registered Marks, identify any remaining inventory containing the Common Law and/or Registered Marks, and refrain from ordering any additional inventory containing the Common Law and/or Registered Marks.

20. Shortly after its September 2004 correspondence to Traub, VTC believed that Traub had ceased operations, and ceased infringement of VTC's Common Law and Registered Marks.

21. Notwithstanding VTC's refusal to license the use of its Common Law and Registered Marks to Traub, upon information and belief, in 2005, Traub merged with T-Shirt Loft to create a new entity, United Souvenir, and through United, continued to use and infringe upon the Common Law and Registered Marks, without VTC's consent or knowledge.

22. Upon information and belief, United continues to manufacture and sell merchandise displaying the Common Law and Registered Marks in violation of VTC's trademarks.

(*See* samples of merchandise offered for sale by United, attached hereto and marked as Exhibit D.)

23. The foregoing activities of United have deceived and caused confusion among the relevant purchasing public. It is likely that the purchasing public will believe that United's products are connected, associated or affiliated in some way with the Commonwealth of Virginia and/or VTC, when in fact no such connection, association or affiliation exists.

24. As a result of United's acts, VTC has suffered damages and continues to suffer substantial damage and irreparable injury. VTC has no adequate remedy at law, and unless United is enjoined by this Court, United's acts will continue to cause irreparable injury and damage to VTC.

## Count I – Trademark Counterfeiting and Infringement (15 U.S.C. §1114(1))

25. VTC repeats and realleges paragraphs 1 through 24 as if set forth herein.

26. Notwithstanding VTC's rights in its Common Law and Registered Marks, United has in the past and, if not ordered to stop its violations, will continue to use the Common Law and Registered Marks in the production and sale of its merchandise.

27. United's use of counterfeit symbols, logos, likenesses, and images is likely to cause confusion in the minds of the public, leading the public to believe that United's merchandise emanate or originate from the Commonwealth of Virginia or VTC and/or that the Commonwealth or VTC has approved, sponsored or otherwise associated itself with United's merchandise, which is false. The Foundation's conduct is in violation of 15 U.S.C. § 1114(1).

28. United's unauthorized use of the Common Law and Registered Marks constitutes an infringement and is likely to cause confusion, mistake and/or deception as to the affiliation, connection or association of United's merchandise with the Commonwealth of Virginia or VTC and/or the origin, sponsorship, or approval of United's merchandise by the Commonwealth or VTC in the minds of the purchasing public.

29. United's use of the Registered Marks constitutes a violation of § 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

30. United's conduct is intended to exploit the goodwill and reputation associated with VTC's Common Law and Registered Marks.

31. VTC has no control over the quality of the merchandise sold by United.  Because of the likelihood of confusion as to the source of United's merchandise, VTC's and the Commonwealth's valuable goodwill in its Common Law and Registered Marks is at the mercy of United.

32. United's aforesaid acts have caused and will continue to cause great and irreparable injury to VTC and, unless such acts are restrained by this Court, they will continue and VTC will continue to suffer great and irreparable injury.

33. VTC has no adequate remedy at law.

34. As a result of United's actions, VTC has suffered, and will continue to suffer, money damages in an amount to be proven at trial.

## Count II – Federal Unfair Competition and False Designation of Origin (15 U.S.C. §1125(a))

35. VTC repeats and realleges paragraphs 1 through 34 as if set forth herein.

36. The aforesaid acts of United constitute the use in commerce of symbols and devices and of false designations of origin and false or misleading descriptions and representations in connection with United's merchandise, in violation of 15 U.S.C. § 1125(a).

37. Upon information and belief, United's aforesaid acts were committed with the intent to pass off and palm off United's merchandise as the merchandise of the Commonwealth or VTC, and with the intent to deceive and defraud the public.

38. United's aforesaid acts have caused and will continue to cause great and irreparable injury to VTC and, unless such acts are restrained by this Court, they will continue and VTC will continue to suffer great and irreparable injury.

39. VTC has no adequate remedy at law.

40. As a result of United's actions, VTC has suffered, and will continue to suffer, money damages in an amount to be proven at trial.

## <u>Count III – Trademark Dilution (15 U.S.C. § 1125(c))</u>

41. VTC repeats and realleges paragraphs 1 through 40 as if set forth herein.

42. VTC's Common Law and Registered Marks are distinctive and famous marks. The Common Law and Registered Marks are inherently strong, distinctive, and marketed to the public nationwide to denote travel to and/or affinity for the Commonwealth of Virginia. The Commonwealth of Virginia and VTC have built up decades of name recognition and goodwill, as alleged above.

43. These acts by United dilute the distinctive quality of the famous Common Law and Registered Marks, in violation of 15 U.S.C. § 1125(c).

44. United's acts have lessened (and will continue to lessen) the capacity of VTC through its famous Common Law and Registered Marks to identify its services and merchandise. United's acts have blurred (and will continue to blur) the unique association that has existed between the Common Law and Registered Marks and the goodwill and name recognition the Commonwealth of Virginia and VTC have earned through the services and merchandise provided.

45. United's use of the Common Law and Registered Marks in commerce has caused the dilution of the distinctive quality of the famous Common Law and Registered Marks.

46. United's use of the Common Law and Registered Marks constitutes dilution by blurring under § 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

47. On information and belief, United engaged in the aforesaid acts with the intent to trade on the Commonwealth of Virginia's and/or VTC's reputation or to cause dilution of the famous Common Law and Registered Marks.

48. United's aforesaid acts have caused and will continue to cause great and irreparable injury to VTC and, unless such acts are restrained by this Court, they will continue and VTC will continue to suffer great and irreparable injury.

49. VTC has no adequate remedy at law.

50. As a result of United's actions, VTC has suffered, and will continue to suffer, money damages in an amount to be proven at trial.

## Count IV – Unfair Competition (Virginia Common Law)

51. VTC repeats and realleges paragraphs 1 through 50 as if set forth herein.

52. The aforesaid acts of United constitute the passing-off of its merchandise as VTC's licensed merchandise, infringement, imitation, and misappropriation of VTC's trademark, unjust enrichment, and unfair competition with VTC in violation of VTC's rights at common law.

53. United's aforesaid acts have caused and will continue to cause great and irreparable injury to VTC and, unless such acts are restrained by this Court, they will continue and VTC will continue to suffer great and irreparable injury.

54. VTC has no adequate remedy at law.

55. Upon information and belief, United's conduct was reckless, willful, wanton and with conscious disregard for the rights of VTC, entitling VTC to an award of punitive damages.

## Count V –Trademark Infringement (Common Law)

56. VTC repeats and realleges paragraphs 1 through 55 as if set forth herein.

57. The Common Law and Registered Marks are distinctive marks for VTC, its reputation and the merchandise and services it provides.  The Commonwealth of Virginia and VTC have established valuable goodwill due to their reputation.

58. United has unlawfully palmed off the name, reputation and goodwill of the Commonwealth of Virginia and VTC and violated and infringed the rights of VTC.  The public has been and is deceived, as United induces others to believe that the merchandise, services, reputation and goodwill the Common Law and Registered Marks connote belong to United.

59. United's unauthorized use of the Common Law and Registered Marks in interstate commerce and in the Commonwealth of Virginia constitutes a false designation or origin, a false and/or misleading description of fact, and/or a false or misleading representation of fact, which constitutes an infringement in VTC's trademark rights in and to the Common Law and Registered Marks, and is likely to cause, and upon information and belief, has caused confusion, mistake and/or deception as to the affiliation, connection or association of United's merchandise and the Commonwealth of Virginia and/or VTC.

60. United's aforesaid acts have caused and will continue to cause great and irreparable injury to VTC and, unless such acts are restrained by this Court, they will continue and VTC will continue to suffer great and irreparable injury.

61. VTC has no adequate remedy at law.

62. As a result of United's actions, VTC has suffered, and will continue to suffer, money damages in an amount to be proven at trial.

### Count VI- Violation of Virginia Code § 2.2-417

63. VTC repeats and realleges paragraphs 1 through 62 as if set forth herein.

64. The Commonwealth of Virginia created or developed and/or commissioned the creation and/or development of the motto or slogan "Virginia is for Lovers" in the late 1960s to promote travel and tourism within the Commonwealth of Virginia.

65. In 1972, the General Assembly adopted and the Governor signed into law Chapter 403, 1972 Va. Acts of Assembly, which provided for the registration of mottoes or slogans by State agencies, prohibited the use of such mottoes or slogans by unauthorized persons, provided penalties for violations of prohibited uses, and registered the slogan "Virginia is

for Lovers" with the Secretary of the Commonwealth. Chapter 403 was codified in 1972 at Va. Code §§ 2.1-81.1 through 2.1-81.4.

66. Section 2.1-81.1 provided that any department, division, board, commission, agency or facility owned or operated by the Commonwealth which creates or develops a slogan or motto for its use shall registered such slogan with the Secretary of the Commonwealth. Public institutions of higher learning and the Virginia National Guard were exempt from the registration requirement.

67. Sections 2.1-81.2 and 2.1-81.3 prohibited the use by any individual, partnership, association or corporation of the registered mottoes or slogans without the express consent of the registrant and provided for a penalty of no more than $1,000.00 per day of prohibited use.

68. Section 2.1-81.4 provided, "[t]he slogan "Virginia is for Lovers" shall be registered with the Secretary of the Commonwealth as the slogan of the Virginia Division of Tourism within five days of April 5, 1972."

69. In 2001, Sections 2.1-81.1 through 2.1-81.4 were recodified at Va. Code §§ 2.2-416 and 2.2-417. In the recodification, Sections 2.1-81.2 and 2.1-81.3 were merged and, according to the Virginia Code Commission, Section 2.1-81.4 was deleted as obsolete "since the slogan 'Virginia is for Lovers' has, in fact, been registered with the Secretary of the Commonwealth and continues to be registered as of this writing."

70. "Virginia is for Lovers" has been registered with the Secretary of Commonwealth in accordance with Va. Code § 2.1-81.1, recodified at Va. Code § 2.2-416, since at least April 10, 1972.

71. On February 17, 2011, VTC hand delivered to the Secretary of the Commonwealth an Application for Renewal of a Motto or Slogan. The Application for Renewal requested renewal of "Virginia is for Lovers," which was originally registered with the Secretary of the Commonwealth on April 10, 1972. (*See* Application for Renewal, attached hereto and marked as Exhibit E).

72. On March 18, 2011, VTC received confirmation of registration of "Virginia is for Lovers" from the Secretary of the Commonwealth. (*See* correspondence from the Secretary of the Commonwealth dated March 18, 2011, attached hereto and marked as Exhibit F).

73. United is prohibited by Va. Code § 2.2-417 from employing "Virginia is for Lovers," or a recognizable variation thereof, without the express consent of VTC.

74. United's use of "Virginia is for Lovers" is without the express consent of VTC and is subject to a fine of no more than $1,000.00 per day.

75. United has used and continues to use the slogan or motto "Virginia is for Lovers" without the consent of VTC.

76. United is liable to the Commonwealth and/or VTC in an amount up to $1,000.00 per day for each day United has used and continues to use the slogan or motto "Virginia is for Lovers" without the consent of VTC.

WHEREFORE Plaintiff Virginia Tourism Corporation prays for relief against United Souvenir and Apparel as follows:

A. That United and its agents, servants, employees, attorneys, successors, and assigns, and any and all persons acting in concert or participating with them, or any of their

successors or assigns or any of them, be preliminarily and permanently enjoined and restrained from directly or indirectly:

      (1)     using the Common Law or Registered Marks, or any reproduction, counterfeit, copy, or colorable imitation of said Marks, in connection with classification 35;

      (2)     using the Common Law or Registered Marks, or any reproduction, counterfeit, copy, or colorable imitation of the same, in any manner likely to cause others to believe that United's merchandise is connected with the Commonwealth of Virginia or VTC or are genuine VTC licensed products;

      (3)     committing any other acts that may cause the purchasing public to believe that United merchandise is genuinely licensed by VTC or otherwise provided for the benefit of the VTC or the Commonwealth of Virginia;

      (4)     shipping, delivering, holding for sale, importing, distributing, returning, transferring, or otherwise moving or disposing of any materials falsely bearing the Common Law or Registered Marks or any reproduction, counterfeit, copy, or colorable imitation of the same; and

      (5)     assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in the above subparagraphs (1) through (4).

      B.     That United and any and all persons controlled by or acting in concert with United be required to deliver to VTC for destruction all goods, packages, and any other written or printed materials, in tangible or intangible form, that bear or depict the Common Law or Registered Marks, or any reproduction, counterfeit, copy, or colorable imitation of the same.

C.      That United be required to account for and pay to VTC United's profits from the sale and use of counterfeit and infringing the Common Law or Registered Marks and such sum in addition thereto as the Court shall find just.

D.      That this case be found exceptional and VTC be awarded its attorneys' fees pursuant to 15 U.S.C. § 1117(a).

E.      That VTC recover the damages arising out of United's wrongful acts in a sum equal to three times the actual damages suffered by VTC, as provided in 15 U.S.C. § 1117(b).

F.      That VTC be awarded statutory damages for United's willful use of counterfeit marks, in lieu of actual damages, as provided in 15 U.S.C. § 1117(c).

G.      That United be required to disgorge its profits and other ill-gotten gains pursuant to Virginia common law.

H.      That VTC have and recover the taxable costs of this civil action, including reasonable attorneys' fees and interest.

I.      That VTC be awarded punitive damages in view of United's reckless, willful, wanton acts committed with conscious disregard for the rights of VTC.

J.      That VTC be awarded statutory damages of up to $1,000.00 per day for each day that United has used and continues to use the slogan or motto "Virginia is for Lovers" without the consent of the Commonwealth of Virginia and/or VTC.

K.      That VTC have such other general and further relief as this Court deems just and proper.

**TRIAL BY JURY IS REQUESTED**.

Respectfully Submitted,

VIRGINIA TOURISM AUTHORITY

d/b/a VIRGINIA TOURISM
COPORATION

By Counsel

Peter E. Broadbent, Jr. (VSB 15962)
R. Braxton Hill, IV (VSB 41539)
bhill@cblaw.com
Belinda D. Jones (VSB 72169)
bjones@cblaw.com
CHRISTIAN & BARTON, L.L.P.
909 East Main Street, Suite 1200
Richmond, Virginia 23219-3095
Telephone:    (804) 697-4100
Facsimile:    (804) 697-4112

1041818v4